UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE COURT OF FIRST INSTANCE OF SPECIAL ADMINISTRATIVE REGION OF MACAU – 2ND CIVIL COURT IN MACAU IN ASIAN AMERICAN ENTERTAINMENT CORPORATION LIMITED v. LVS (NEVADA) INTERNATIONAL | Case No. 19-mc-80041-VKD<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

The United States, on behalf of the Court of First Instance of the Special Administrative Region of Macau – 2nd Civil Court ("the Macau Court"), has filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena on Phillip J. Ferraro. Dkt. Nos. 1-3.

The Court denies the application without prejudice for the reasons described below.

**I. BACKGROUND**

According the application, the Macau Court requests the United States' assistance in obtaining Mr. Ferraro's answers to 12 interrogatories in connection with a civil case, *Asian American Entertainment Corporation Limited v. LVS (Nevada) International Holdings, Inc. et al.*, Case No. CV2-12-0004-CAO. Dkt. No. 3, Exs. A, B. The United States says that Mr. Ferraro is a resident of Sunnyvale, California. Dkt. No. 2 at 1. The United States asks the Court to appoint Assistant United States Attorney James A. Scharf as Commissioner to collect the evidence sought by the Macau Court. Dkt. No. 1.

**II. LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or

testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Id.* at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Intel*, 542 U.S. at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request

and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III. DISCUSSION

### A. Statutory Requirements

The United States' application does not satisfy all of the statutory requirements of 28 U.S.C. § 1782(a). Although the Macau Court is a foreign tribunal, and the discovery is sought from a resident of this district for use in a proceeding before the Macau Court, the application seeks discovery in a form that is not available under § 1782(a).

Under § 1782(a), a district court may order a person to "give his testimony or statement or to produce a document or other thing." 28 U.S.C. § 1782(a). The statute does not authorize a district court to order such person to respond to interrogatories. *See, e.g.*, *Siemens AG v. Western Digital Corp.*, No. 13-cv-1407, 2013 WL 5947973, at *5 (C.D. Cal. Nov. 4, 2013); *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1033 (N.D. Ill. 2006) (interpreting § 1782(a) "to include depositions and document production, but not interrogatories"); California Practice Guide: Federal Civil Procedure Before Trial § 11:1297 (The Rutter Group 2018) ("There is no authority, however, for a court to order a 'person' within the district (party or nonparty) to respond to interrogatories or RFAs.").

3

The Macau Court's letter of request attaches 12 interrogatories, each with a space for a written answer and an attestation that the answers are "true and correct to the best of [the witness's] knowledge and belief." Dkt. No. 2, Ex. B. However, the request also indicates that the Macau Court wants Mr. Ferraro "to take [an] oath" and to provide "testimony" that is either "written or recorded." *See* Dkt. No. 2, Ex. A at 5 (secs. 9, 10). Additionally, the request includes a requirement to "inform the requesting authority and the representatives of the plaintiff and defendants once the date and place of the requested action has been confirmed, so that the representatives . . . may be present." *Id.* (sec. 10).

The United States' application does not address the form of discovery sought in the Macau Court letter of request, except to refer the discovery as "interrogatories." Typically, these applications are presented to the Court in the form of a subpoena for testimony or documents, or both. But here, the United States simply attaches the Macau Court's request to a declaration and asks for authorization to obtain the information sought via appointment of a Commissioner. It is not clear to the Court how exactly the United States intends to go about obtaining the information, but it may not do so in the form of written interrogatories to Mr. Ferraro.

### B. *Intel* Factors

Even if the Court has the authority to grant the Macau Court's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1. Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568 at *3 (internal quotations and citation omitted).

Mr. Ferraro does not appear to be a named party in the Macau Court case. Thus, the need for assistance pursuant to § 1782(a) may be greater than it would be in circumstances where the foreign tribunal can order parties appearing before it to produce evidence. *Intel*, 542 U.S. at 264.

4

1  However, neither the United States nor the Macau Court has provided any explanation of why the
2  discovery sought from Mr. Ferraro cannot be obtained by the Macau Court itself. Assuming Mr.
3  Ferraro is not a party to the Macau Court case and is not within that court's jurisdiction, the Court
4  finds that this factor weighs in favor of discovery.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568 at *4. "'[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved.'" *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)).

Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery). Here, however, the request for assistance originates with the foreign tribunal itself. Accordingly, this factor weighs in favor of discovery.

### 3. Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether the Macau Court's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a

5

factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568 at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Here, as with the second factor, the foreign tribunal itself seeks evidence in aid of its own proceeding. Accordingly, the factor also weighs in favor of discovery.

### 4. Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

As described above, the Macau Court's request includes 12 interrogatories. Setting aside the form in which discovery is sought, the Court is concerned that the interrogatories are so difficult to understand that requiring Mr. Ferraro to respond to them in their present form would be unduly burdensome.

For example, several interrogatories refer to documents that are not attached to the requests themselves and are not otherwise specifically identified. Interrogatories Nos. 49 and 70, reproduced below, are representative of the problematic nature of these interrogatories:

> <u>Interrogatory 49</u>: Was the letter of 06/02/2002, which is Document No. 12 submitted together with the Statement of Claim, signed by David Friedman, sent by fax to the fax number that the Plaintiff had indicated as being its own and was it received by the Plaintiff on the same day it was sent?
>
> <u>Interrogatory 70</u>: Is the document of pages 752 the printing of an electronic message prepared and sent by computerized means by Marshall Hao?

Dkt. No. 2, Ex. B at 2, 3. Other interrogatories, whether because of translation issues or some other reason, are nearly unintelligible. Examples of these are Interrogatories Nos. 20 and 53:

> <u>Interrogatory 20</u>: The office of Taiwan to which William Weidner sent the fax on 25/01/2002 did not belong to the Plaintiff?
>
> <u>Interrogatory 53</u>: Was the proposal forwarded to the Plaintiff on 25 January 2002 to the contacts that it had communicated as being its own, having been received on that same date, by fax?

*Id.*

In short, none of the interrogatories included in the Macau Court's request is sufficiently clear that a person from whom the information is sought could reasonably be expected to respond

at all, let alone under oath.

In addition, on the basis of the showing made in the application, it is impossible for the Court to gauge the relevance of any of the interrogatories. The Macau Court's request does not explain why it requires this information, and the United States' application is no more illuminating. While the Court may authorize discovery to be served on a person and permit challenges thereafter via a motion to quash, the Court must be satisfied in the first instance that at least some of the discovery sought is relevant to the proceeding and is not unduly burdensome or intrusive. The Court is not satisfied on this point for the reasons explained above, and this factor weighs strongly against authorizing the United States to obtain discovery on behalf of the Macau Court.

## IV. CONCLUSION

The United States' application on behalf of the Macau Court does not meet the statutory criteria for an order authorizing a Commissioner to obtain discovery by means of interrogatories. In addition, the interrogatories, as presently submitted, are too vague and imprecise about the information requested to be reasonably susceptible to answers under oath.

Accordingly, the Court denies the application, without prejudice to the United States submitting on behalf of the Macau Court an application that meets the statutory requirements and addresses the concerns described above.

**IT IS SO ORDERED.**

Dated: February 22, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge